# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                CR. NO. 17-20274

v.                              HON. BERNARD A. FRIEDMAN

D-4  TAHERA SHAFIQ
D-5  FARIDA ARIF
D-7  HASEENA HALFAL
D-8  ZAINAB HARIYANAWALA

    Defendants.
_____/

## REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RETURN OF PERSONAL PROPERTY

NOW COMES the DEFENDANTS, TAHERA SHAFIQ, FARIDA ARIF, HASEENA HALFAL, and ZAINAB HARIYANAWALA, through their attorneys, and move this Honorable Court to order the return of personal property for the above-captioned individuals, to-wit, their telephones, for the reasons stated and authority cited herein:

The government mischaracterized Defendants' argument. Defendant does not seek the return of her property merely because the case has been dismissed.

Defendants' make a showing of good cause based on the lack of a legitimate prosecutorial interest in the seized property.

On April 12, 2019, Counsel learned the Government will not be prosecuting an appeal on behalf of the Department of Justice. In fact, the Department of Justice is opposing the appeal by the Solicitor General.

During the case investigation, on April 10, 2017, a search warrant was executed at Ms. Halfal's home whereby she was required to submit her phone to agents. During discovery, Counsel received numerous reports relative to Ms. Halfal's phone, dated June 7, 2017 (FBI Summaries of Text Messages), May 1, 2017 (HTML Report), and other reports and derivations, all dated 2017.

The government, in fact, confirms that all "forensic copies of the phones" have been provided to defendants in discovery. (Gov'ts Resp. Br. p. 7) In its Response Brief, the government does not claim a need to maintain this evidence for future review or testing. Therefore, the government's ongoing possession of Defendant Halfal's phone and SD card, or any of the Defendants' phones has no future evidentiary value to them. Rather, there is good cause to return the phone to Ms. Halfal, including the fact that her case has been dismissed.

Recently, the Supreme Court in *Timbs v Indiana*, --U.S. – (2019), maintained the *stare decisis* of the Excessive Fines Clause. Though this matter is not a forfeiture matter, it does involve the seizure of property. By analogy, this Court should

consider the Due Process arguments of the Excessive Fines Clause herein. "Even absent a political motive, fines may be employed 'in a measure out of accord with the penal goals of retribution and deterrence,'" *Timbs,* citing *Harmelin v Michigan*, 501 U.S. 957, 979, n. 9 (1991). In *Austin v. United States*, 509 U.S. 602 (1993), the Supreme Court held that civil *in rem* forfeitures fall within the Clause's fundamental and deeply-rooted protection when they are at least partially punitive.

As previously stated, the government's ongoing seizure of the phone is punitive. On the SD memory card for that phone, are photographs of all of her kids and family and videos; those photos and videos are precious to Ms. Halfal; those photos and videos cannot be replaced or restored as they were all on that phone and SD card during family trips and other events. Additionally, Ms. Halfal used her phone for her notes related to her religious school; and, has her resume and other important working documents on the SD card.

The only purpose the government would have for holding onto the phone, literally, is to show the shell of it at trial as an exhibit. If so, then, release the SD card, at a minimum.

WHEREFORE, DEFENDANTS, TAHERA SHAFIQ, FARIDA ARIF, HASEENA HALFAL, and ZAINAB HARIYANAWALA, respectfully request this Honorable Court to order the return of personal property for the above-captioned individuals, to-wit, their telephones, for the reasons stated and authority cited herein.

        Respectfully submitted,

        /s/ Lisa L. Dwyer
        LISA L. DWYER
        Attorney for Haseena Halfal (D-7)


        /s/ Jerome Sabbota
        JEROME SABBOTA
        Attorney for Tahera Shafiq (D-4)

        /s/ Anjali Prasad
        ANJALI PRASAD
        Attorney for Farida Arif (D-5)

        /s/ Patricia A. Maceroni
        PATRICIA A. MACERONI
        Attorney for Zainab Hariyanawala


Dated:  May 16, 2019


## Certificate of Service

I hereby certify that on May 16, 2019, I electronically filed the foregoing Reply to Government's Response to Return of Personal Property, with the Clerk of the Court using the ECF system, which gives notification to all attorneys of record.


        /s/ Lisa L. Dwyer
        LISA L. DWYER
        Attorney for Haseena Halfal (D-7)